UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARRY SCOTT BLAND,<br><br>                Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. CV19-5482 BHS<br><br>(17-cr-05385-BHS-1)<br><br>ORDER GRANTING PETITIONER'S UNOPPOSED MOTION TO VACATE CONVICTION AND SENTENCE |

This matter comes before the Court on Petitioner Barry Scott Bland's ("Bland") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. 1.

On May 31, 2019, Bland filed a motion to vacate his 2018 conviction for Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. Bland argued that his § 922(g) conviction was unlawful because he did not have a qualifying predicate felony offense under the reasoning of *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019) ("*Valencia-Mendoza*") because his mandatory state guideline range for any predicate offense was a sentence of less than one year. *Id.*

While Bland's motion was pending, the Ninth Circuit took up the issue in *United States v. McAdory*, C.A. No. 18-30112 ("*McAdory*"). This Court stayed Bland's motion pending the outcome of *McAdory*. Dkt. 4. The Circuit issued the *McAdory* opinion on August 28, 2019. *United States v. McAdory*, 935 F.3d 838 (9th Cir. 2019). In relevant part, the panel concluded that it was bound by *Valencia-Mendoza's* holding that an

offense is not punishable by more than one year if the defendant is not actually exposed to a sentence exceeding one year under Washington's mandatory sentencing scheme. *Id.* Therefore, the panel vacated the defendant's § 922(g) conviction for lack of a predicate felony. *Id.*

On September 23, 2019, the Court held a status conference where the Government argued that Bland's motion should be further stayed while the Solicitor General decided whether to pursue en banc review in *McAdory*. Dkt. 6. On November 19, 2019, the Government filed a surreply stating that the Solicitor General had decided not to seek en banc review. Dkt. 9. The Government also conceded in its surreply that "*McAdory* controls the outcome of Bland's timely § 2255 motion . . . ." *Id.*

Because Bland lacks a qualifying predicate offense under *Valencia-Mendoza* and *McAdory*, his conviction for violation of § 922(g)(1) is unlawful. Therefore, his motion for relief pursuant to 28 U.S.C. § 2255 is **GRANTED**, his judgment of conviction in *United States v. Bland*, No. 17-cr-5385 BHS is **VACATED**, and the one-count indictment in that case is **DISMISSED**. The Probation Office shall release Bland from any supervision obligations forthwith. Regarding the instant matter, the Clerk shall enter a judgment in Bland's favor and close this case.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2019.

BENJAMIN H. SETTLE
United States District Judge